J-S17005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL B. NEWMAN, | |
| Appellant | No. 1318 EDA 2017 |

Appeal from the PCRA Order Entered March 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000730-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 17, 2019**

Darryl B. Newman (Appellant) appeals from the post-conviction court's March 31, 2017 order denying his first, timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

On appeal, Appellant sets forth the following three claims in his "Statement of Questions Involved" section of his brief:

1. Did the PCRA [c]ourt err in finding [Appellant's]claim that trial counsel was ineffective for failing to litigate a Rule 600 motion was without merit and dismissing without [a] hearing?

2. Did the PCRA [c]ourt err in finding [Appellant] failed to meet his burden of proving trial counsel was ineffective for failing to call character witnesses at trial?

3. Did the PCRA [c]ourt in finding [Appellant's] claim that trial counsel was ineffective for failing to litigate a Motion to Suppress Ramsey's in- and

out- of court identifications was without merit and dismissing without hearing?

Appellant's brief at 4.

In addressing Appellant's issues, we are guided by the following:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determination are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough, well-reasoned opinion of the Honorable Charles J. Cunningham, III, of the Court of Common Pleas of Philadelphia County. We conclude that Judge Cunningham's extensive opinion accurately disposes of the issues presented by Appellant. **See** PCRA Court's Opinion, 5/9/18. Accordingly, we adopt his opinion as our own and affirm the order denying Appellant's PCRA petition for the reasons set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/19

- 2 -

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS, CRIMINAL TRIAL DIVISION

FILED

2018 MAY -9 PM 12: 12

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

DARRYL NEWMAN

1318 EDA 2017

CP-51-CR-0000730-2012
(PCRA)

CP-51-CR-0000730-2012 Comm. v. Newman, Darryl B B.
Opinion

8107228901

**OPINION**

## STATEMENT OF THE CASE

Defendant is appealing the Court's dismissal of his meritless PCRA Petition. After Defendant's convictions on the charges of Aggravated Assault and Possession of an Instrument of a Crime ("PIC") were upheld on direct appeal, he filed the instant counseled PCRA Petition alleging ineffective assistance of trial counsel. The Court finds that all of Defendant's complaints are without merit.

## PROCEDURAL HISTORY

On February 24, 2014, at the conclusion of his jury trial, Defendant was found guilty on the charges of Aggravated Assault and PIC, and not guilty on the charge of Attempted Murder. On May 28, 2014, Defendant was sentenced on the charge of Aggravated Assault to a period of confinement in a state correctional facility of 7 to 15 years and to a consecutive period of probation of 5 years. On the PIC charge, Defendant was sentenced to a concurrent period of probation of 5 years, for a total aggregate sentence of 7 to 15 years confinement followed by a period of probation of 5 years.

On June 25, 2014, Defendant timely filed a direct appeal to the Superior Court of Pennsylvania at 1910 EDA 2014. On May 19, 2015, the Superior Court of Pennsylvania dismissed Defendant's Appeal for failure to file a brief.

On April 5, 2016, Defendant filed the instant counseled PCRA. The Commonwealth filed its motion and brief to dismiss Defendant's PCRA Petition on November 29, 2016, to which Defendant filed a response on February 10, 2017.

On February 10, 2017, after careful review of the record, the Court issued its notice, pursuant to the Pennsylvania Rules of Criminal Procedure Rule 907, advising Counsel and Defendant that it intended to dismiss Defendant's petition within twenty days of issuance. On March 31, 2017, the Court entered an Order dismissing Defendant's PCRA Petition for lack of merit.

On April 24, 2017, Defendant timely filed the instant appeal to the Superior Court of Pennsylvania. On April 25, 2017, this Court filed and served on Defendant an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing Defendant to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the Court's Order. On May 16, 2017, Defendant filed his "Appellant's Rule 1925 Statement," in which he raises three issues, namely:

1. "This Court erred by dismissing Defendant's PCRA petition without a hearing because trial counsel was ineffective for failing to litigate a meritorious Rule 600 motion.
2. This Court erred by dismissing Defendant's PCRA petition without a hearing because trial counsel was ineffective for failing to call favorable character witnesses at trial who would have attested to Defendant's reputation of peacefulness.
3. This Court erred by dismissing Defendant's PCRA petition without a hearing because trial counsel was ineffective for failing to litigate a Motion to Suppress Ramsey's Identification of Petitioner at the Photo Array as well As His Subsequent In-Court Identification of Him."

2

## DISCUSSION OF THE ISSUES RAISED

### I. DEFENDANT IS NOT ENTITLED TO AN EVIDENTIARY HEARING.

Defendant complains that the Court erred by dismissing his three failing averments without a hearing. This argument is without merit.

"There is no absolute right to an evidentiary hearing on a PCRA Petition." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. Ct. 2008). "A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact." *Commonwealth v. Keaton*, 45 A.3d 1050, 1094 (Pa. 2012). Pa. R. Crim. P. Rule 907 provides that courts have the discretion to dismiss a PCRA petition without a hearing if the court finds that "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012) *Quoting*; *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

Here, Defendant's argument that an evidentiary hearing should have been held prior to the dismissal of his PCRA Petition must fail because the substantive arguments advanced by Defendant are without merit. As will be discussed below, Defendant failed to meet his burden of proving by a preponderance of the evidence that his trial counsel was ineffective.

3

Thus, with there being no issues of material fact on the record, there was no legitimate purpose to holding an evidentiary hearing.

## II. TRIAL COUNSEL WAS EFFECTIVE.

In his "Rule 1925 Statement," Defendant complains that trial counsel was ineffective for three reasons. Specifically, he claims counsel was ineffective for failing to litigate a Rule 600 motion, failing to call character witnesses at trial, and failing to litigate a motion to suppress the identifications made by Tyreese Ramsey. Defendant's complaints are without merit.

"It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). In order to be eligible for PCRA relief based on an ineffectiveness claim, Defendant must prove by a preponderance of the evidence "that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the defendant suffered prejudice as a result of counsel's deficient performance." *Id.*, at 438, 439. (Internal citations omitted.) "A claim of ineffectiveness will be denied if the defendant's evidence fails to meet any one of these prongs." *Id.*, at 439.

Regarding the prong of reasonableness, "[a] chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (Internal citations omitted). "To establish prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different."

4

*Commonwealth v. Simpson*, 66 A.3d 253, 277 (Pa. 2013) (Internal citations omitted). *In accord; Strickland v. Washington*, 104 S. Ct. 2052 (1984). "Strategy is not measured through hindsight against alternatives not pursued, so long as trial counsel had a reasonable basis for the decision made." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). "Counsel will not be found ineffective for failing to raise a meritless claim." *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013).

### a. TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO RAISE A MERITLESS RULE 600 CLAIM.

In his statement of errors, Defendant first argues that trial counsel was ineffective for failing to litigate a Rule 600 motion. Defendant's complaint is without merit.

Pa. R. Crim. P. 600 ("Rule 600") "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it." *Commonwealth v. Jefferson*, 741 A.2d 222, 225 (Pa. Super. Ct. 1999). Rule 600 was "not designed to insulate the criminally accused from good faith prosecution through no fault of the Common- wealth." *Id.*

Rule 600 states, in relevant part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed... [P]eriods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa. R. Crim. P. 600. "If the

Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay." *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. Ct. 2004).

> "'Excludable time' is defined in Rule 600(C) as the... period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. 'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence."

*Id.* (Internal citations omitted.) Excludable time is added as an extension to the original 365-day date in order to calculate the "adjusted run date." *Commonwealth v. Preston*, 904 A.2d 1, 11 (Pa. Super. Ct. 2006). Likewise, "[a] period of delay that is excusable pursuant to Rule 600(G) results in an extension to the adjusted run date." *Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. Super. Ct. 2007).

"Even where a violation of Rule [600] has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and... the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Id. In accord; Preston*, at 11. "It is well-settled that the Commonwealth cannot control the schedule of the trial courts and that therefore judicial delay can support the grant of an extension of the Rule 600 rundate." *Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. Ct. 2007) (Internal citations omitted.) "Accordingly, where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017). If such is the case, the trial court must establish "it

has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business." *Commonwealth v. Brown*, 875 A.2d 1128, 1135 (Pa. Super. Ct. 2005), quoting *Commonwealth v. Williams*, 726 A.2d 389, 392 (Pa. Super. 1999).

After careful review of the record, the Court agrees with the Commonwealth's calculation of excludable and excusable delays in the case at hand, and finds no Rule 600 violation. The noteworthy dates, as reflected in the record, are as follows:

Defendant was arrested on December 30, 2011, resulting in a mechanical run date of December 30, 2012. A scheduling conference was held on March 22, 2012, and the case was listed for jury trial on the "earliest possible date given" consistent with the Court's schedule, which was June 14, 2012. This resulted in 84 excusable days. On June 14, 2012, the case was continued to the "earliest possible date" consistent with the Court's schedule, which was October 18, 2012. This resulted in 126 excusable days. On October 18, 2012, both the Commonwealth and Defendant filed a joint request for a continuance to October 23, 2012. This resulted in 5 excludable days. On October 23, 2012, Defendant requested a continuance, and the case was listed for November 14, 2012. This resulted in 22 excludable days. On November 14, 2012, the docket reflects that the case was continued with "Time Ruled Excludable." This resulted in 86 excludable days." On February 28, 2013, a scheduling conference was held, and the case was listed for jury trial on February 24, 2014. The docket reflects that this was the "earliest possible date given." This resulted in 361 excusable days between February 28, 2013, and when jury selection began on February 24, 2014.

7

As indicated above, the docket reflects 684 excludable/excusable days from the time Defendant was charged to the time his trial commenced. This results in an adjusted run date of no earlier than August 6, 2014. As Defendant's trial began on February 24, 2014, no Rule 600 violation exists. Thus, trial counsel cannot be found ineffective for failing to raise a meritless claim. *Roney*, at 604.

### b. DEFENDANT HAS FAILED TO DEMONSTRATE THAT TRIAL COUNSEL WAS INEFFECTIVE FOR NOT CALLING CHARACTER WITNESSES.

Defendant next complains that trial counsel was ineffective for failing to call character witnesses at trial. As Defendant has not only failed to meet the requirements of the Pennsylvania Rules of Criminal Procedure, but has also failed to show that trial counsel's decision lacked any strategic basis or prejudiced him, the claim is without merit.

Pa. R. Crim. P. 902 states, in relevant part that, in the event that a petition for post-conviction relief involves a request for an evidentiary hearing, "[t]he request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition." Pa. R. Crim. P. 902(A)(15). See also, Pa. C. S. A. § 9545 (d)(1). "Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible." *Commonwealth v. Brown*, 767 A.2d 576, 582 (Pa. Super. Ct. 2001). While an affidavit is not required, "[e]ither the witness, his attorney, the defendant's attorney, or the petitioner himself, the defendant himself can sign a certification saying to his best knowledge that this was an accurate statement of what the witness would testify to." *Id.* at 583. In accord; *Commonwealth v. Pander*, 100 A.3d 626 (Pa. Super. Ct. 2014).

8

Here, in his "Attorney Certification" (Defendant's Petition For Relief, 4/5/16, pg. 8), Defendant merely lists the names of three witnesses, claiming that they would allegedly be available to testify at an evidentiary hearing. He fails to indicate their addresses, dates of birth, or whether he even spoke to them regarding this matter. He also fails to describe the substance of their testimony, other than that they "knew/know" Defendant and that he allegedly has a reputation for peacefulness. Therefore, Defendant's claim for an evidentiary hearing fails at the outset, as his petition does not satisfy the requirements of Pa. R. Crim. P. 902(A) (15) and Pa. C. S. A. § 9545 (d)(1).

Alternatively, even if Defendant had satisfied the requirements of Pa. R. Crim. P. 902(A)(15), his claim fails on its merits. "The failure to call character witnesses does not constitute per se ineffectiveness." *Commonwealth v. Treiber*, 121 A.3d 435, 463 (Pa. 2015). In order to establish that counsel was ineffective for failing to call a witness, a defendant must prove that "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Id.*, at 464. A defendant will only be able to establish prejudice if he can demonstrate that he was denied a fair trial due to the absence of the testimony of the proposed witness. *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. Ct. 2002).

Additionally, trial counsel will not be found ineffective if it is determined that they had a "reasonable, strategic basis in not calling character witnesses." *Treiber*, at 464 (finding that counsel was not ineffective for failing to present good character evidence because he did not want to risk the introduction of bad character evidence.)

9

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

*Commonwealth v. Blount*, 647 A.2d 199, 207 (Pa. 1994). In *Blount*, the Pennsylvania Supreme Court found that trial counsel had a reasonable basis for not presenting character witnesses because, "[a]side from the obvious bias of these witnesses arising from their close association with Appellant... it is likely that these witnesses would have provided evidence of Appellant's bad reputation arising from his activities including those as a drug dealer." *Id.*

Here, Defendant has failed to show that trial counsel's decision to put on character evidence lacked any reasonable basis. At the time at which he committed the offense in the instant case, Defendant was out on bail for a Possession With Intent to Deliver charge in Delaware County, which he later pled guilty to on February 17, 2012. (N.T., 5/28/2014, pg. 20.) (CP-23-0005391-2011.) Trial counsel was aware of this fact. (N.T., 5/28/2014, pg. 26.) Given his knowledge that Defendant was not only awaiting trial for a drug charge, but that he was out on bail for that charge when he committed the offense in the case at hand, trial counsel acted reasonably by not calling character witnesses. Defendant's prior bad acts would have been grounds for impeachment on any introduction of Defendant's alleged good character.

Furthermore, Defendant fails to show a reasonable probability that the presentation of character evidence would have altered the outcome of his trial. Extensive evidence of guilt was presented against him, including eye witness Tyreese Ramsey's ability to identify

10

Defendant as the shooter both in court and in a photo array, his testimony that he had not only seen Defendant prior to the day of the shooting, but that he knew him by his nickname, "D Man," and the consistent descriptions of Defendant from Mr. Ramsey and victim Shiehean Carter. (N.T., 2/25/2014, pgs. 67, 73, 80-81.) Therefore, character evidence would not likely have altered the outcome of trial.

Thus, as Defendant has failed to demonstrate that he was prejudiced by trial counsel's decision to not call character witnesses at trial, or that the decision lacked any reasonable strategic basis, Defendant's claim fails.

### c. TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO LITIGATE A MERITLESS MOTION TO SUPPRESS.

Finally, Defendant complains that trial counsel was ineffective for failing to litigate a motion to suppress Mr. Ramsey's identification of Defendant during a photo array, as well as his in-court identification. This claim is without merit.

### POLICE MISCONDUCT DID NOT RESULT IN AN UNDULY SUGGESTIVE PHOTO ARRAY.

The purpose of motions to suppress identification evidence is to prevent police misconduct. *Commonwealth v. Sanders*, 42 A.3d 325, 330 (Pa. Super. Ct. 2012). Citing *Commonwealth v. O'Bryant*, 467 A.2d 14, 16 (Pa. Super. Ct. 1983). "Thus, where a defendant does not show that improper police conduct resulted in a suggestive identification, suppression is not warranted." *Sanders*, at 330. In order for a pre-trial identification to be suppressed, there must be facts to "demonstrate that the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *O'Bryant*, at 17. In accord; *Commonwealth v. Lark*, 91 A.3d 165, 171-72 (Pa. Super. Ct. 2014).

11

Our Supreme Court has held that photographic identifications are not unduly suggestive unless "the procedure creates a substantial likelihood of misidentification." *Commonwealth v. Fisher*, 769 A.2d 1116, 1126 (Pa. 2001). In *Commonwealth v. Fulmore*, 25 A.3d 340, 347 (Pa. Super. Ct. 2011), the court found that a detective's use of the phase "Which one comes to mind?" during a photo array "may have implied that the assailant was included within the array," but, as there was no evidence that the detective directed the witness's attention to a specific picture, the phrase was of "no special significance." *Id.* "Moreover, providing such information to the witness before he views the lineup does not render the identification procedure unduly suggestive." *Id.* at 347-348.

Here, Defendant's claim fails because there is no evidence of improper police conduct, or of an impermissibly suggestive photo array. Philadelphia Police Detective Craig Fife testified that a few days following the shooting, he administered a photo array to Mr. Ramsey containing eight photos. Defendant's photo was "in the fourth position on the top." (N.T., 2/25/2014, pgs. 178-179.) Mr. Ramsey identified Defendant, and told Detective Fife that he was "100 percent sure" that this was the person who shot his brother. (N.T., 2/25/2014, pgs. 179, 182.) With the exception of Detective Fife's testimony, the record is completely silent with regard to police conduct before or while Mr. Ramsey was making his identification.

Defendant bases his complaint on the language in a question posed by the Commonwealth to Mr. Ramsey, asking "Do you recall, when the police showed you that photo array, they asked you if you could identify the person in that array, if you could, if anyone, that committed the shooting a few days prior?" (N.T. 2/25/2014, pg. 80.) However, nowhere in the record does it indicate that Detective Fife made such a statement.

Alternatively, even if he had made that statement to Mr. Ramsey, our Supreme Court has made clear that such language is not impermissibly suggestive absent evidence that the detective directed the witness's attention to a specific photo. *Id.*

Thus, there being no evidence on the record that police directed Mr. Ramsey's attention to Defendant's photo in any way, the photo array was not unduly suggestive and Defendant's claim fails.

## THE IN-COURT IDENTIFICATION WAS RELIABLE.

Defendant's argument that the in-court identification of him should also have been suppressed fails as well. "[I]n-court identifications, despite impermissibly suggestive pre-trial procedures, are admissible if there exists an independent basis for the identifications." *Commonwealth v. Abdul-Salaam*, 678 A.2d 342, 349 (Pa. 1996). In determining whether an independent basis for the identification exists, courts are to look at "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." *Id.*

Here, Mr. Ramsey unequivocally identified Defendant as the shooter from the witness stand. (N.T., 2/25/2014, pgs. 67-68.) He testified credibly that he had seen Defendant multiple times prior to the shooting in the areas of 41st and 42nd of Holly and Ogden Streets. He even knew the Defendant by his nickname, "D Man," and was able to recall what he was wearing on the day of the incident. (N.T., 2/25/2014, pgs. 73, 82-83.) Additionally, Mr. Ramsey testified that he had been looking up the street in the direction of the shooter for a full minute prior to the shooting, and that he could see "all the way down the street." (N.T., 2/25/2014, pgs. 135-137.) Therefore, based on Mr. Ramsey's

13

ability to unequivocally identify Defendant both in-court and in a photo array, coupled with his prior acquaintance with Defendant, the detail of his description, and his ability to view Defendant on the day of the shooting, the identification evidence in the case at hand would not have been suppressed. Thus, trial counsel is not ineffective for failing to litigate a meritless motion to suppress. *Commonwealth v. Wayne*, 720 A.2d 456, 469 (Pa. 1998).

## CONCLUSION

In conclusion, the Court finds that all averments in Defendant's PCRA Petition are without merit and were properly dismissed.

BY THE COURT:

CHARLES J. CUNNINGHAM, III, J.

May 9, 2018

14